Estate of Marshall G. Pearson, Deceased, Chester Pearson, Administrator v. Commissioner.
Estate of Marshall G. Pearson v. Commissioner
Docket No. 31932.
United States Tax Court
1952 Tax Ct. Memo LEXIS 271; 11 T.C.M. (CCH) 296; T.C.M. (RIA) 52092; April 3, 1952
*271 Gross estate: Sec. 811(c). - Held that inter vivos gifts to decedent's children were not made in contemplation of death and the value thereof is not includible in decedent's gross estate. Marion Hirschburg, Esq., 300 1/2 Main St., Ames, Iowa, and Rex Gilchrist, Esq., for the petitioner. Everett E. Smith, Esq., for the respondent. TIETJENS
Memorandum Findings of Fact and Opinion TIETJENS, Judge: The respondent determined a deficiency of $24,578.31 in estate tax of the estate of Marshall G. Pearson, Deceased. The issue presented is whether respondent erred in including in the decedent's gross estate the value of property made the subject of inter vivos transfers by gift, based on his determination that the transfers were made *272 in contemplation of death within the section 811 (c) of the Internal Revenue Code. Certain allegations of error were abandoned and/or settled by stipulation and effect thereto will be given in the recomputation under Rule 50. A portion of the facts have been stipulated. Findings of Fact The stipulated facts are so found. Marshall G. Pearson, deceased, died August 13, 1948, a resident of Roland, Iowa. The federal estate tax return of the estate of the decedent was duly filed with the collector of internal revenue for the district of Iowa. The decedent died intestate at 85 years and 10 months of age 21 days after being hospitalized for a prostate condition. The immediate cause of death was cardiorespiratory failure due to bronchopneumonia of a few days duration. He was survived by his wife Bertha, age 81, whom he had married in 1891, and also by six children whose ages, at that time ranged from approximately 41 to 54 years of age. At date of death the decedent owned a 160 acre farm operated on a share crop basis, his homestead in Roland and household furniture, a car, Government "E" bonds and a bank account, all as set out in detail in the stipulation, *273 having a total appraised value of $70,802.96 in the probate proceedings for the decedent's estate. In December 1941 and in addition to property of the character above mentioned, the decedent owned three unencumbered Iowa farms; (1) consisting of 235 acres in Hardin County valued at $29,373, lived on and operated by his son Clarence; (2) consisting of 212 acres in Story County valued at $26,500, lived on and operated by his son Chester; and (3) consisting of 178 acres in Story County valued at $20,470, lived on and operated by his daughter Beatrice and her husband. Those sons and daughter had operated those farms for a number of years on a share crop basis with the decedent. In December 1941 the decedent, then 79 years of age, wanted Clarence, Chester and Beatrice to become the owners of the farms they operated, respectively, and with that in mind he wanted to make gifts of land of equal value to each of them and also an equal cash gift to his other three children. He hoped that his daughter Anna, then living in Minnesota, and his daughter Sadie, then living in Texas, would use the cash gift to become landowners in or near Story County so as to be near him, the family and their *274 church. The decedent discussed his plan with the manager of a farm loan branch office of an insurance company for the purpose of determining the value of each of those farms and how much money could be borrowed thereon to facilitate his plan. The insurance company made an appraisal of the value of each farm in the amounts set out in the next preceding paragraph, totalling $76,345. The insurance company also determined a total loan value of $38,173 on the farms or one half of the appraised value. On that basis decedent determined to make a gift of $12,724 interest in a farm to each of the three children living on the farms and the same amount in cash to each of the other three children. On December 19, 1941, decedent and his wife deeded farm (1) above to Clarence who executed a note for $12,724 payable to his brother Theodore and a note for $3,927 payable to his sister Anna, leaving Clarence a net gift of a $12,724 interest in the farm. On December 19, 1941, decedent and his wife deeded farm (2) above to Chester who executed a note for $12,724 payable to his sister Sadie and a note for $1,052 payable to his sister Anna, leaving Chester a net gift of a $12,724 interest in the farm. *275 On December 19, 1941, decedent and his wife deeded farm (3) above to Beatrice who executed a note for $7,746 payable to her sister Anna, leaving Beatrice a net gift of $12,724 interest in the farm. The notes so executed by Clarence, Chester and Beatrice were received by decedent on December 19, 1941, and by him delivered to the payees. At that time Theodore owned and operated a farm. The deeds to the farms were duly recorded and shortly thereafter, pursuant to arrangements made with the insurance company, Clarence, Chester and Beatrice mortgaged the land deeded to them, respectively, and the proceeds were used to pay off in cash the notes given to Theodore, Sadie and Anna. The six gifts of $12,724 each, totalling $76,345 were reported by decedent in a gift tax return for 1941 filed on February 13, 1942, and decedent paid the gift tax thereon shown to be due. At the time the gifts were made the decedent retained his 160 acre farm so as to remain actively interested in the operation thereof on a share crop basis and to provide an ample income for the livelihood of himself and his wife. The decedent was born in Norway on September 20, 1862, emigrated to the United States in *276 1881 and was married in Illinois in 1891. From 1893 to 1903 he farmed in Hardin County, Iowa. In 1903 decedent moved his family to a farm in Story County, Iowa where he continuously lived and actively engaged in farming until the early 1930's. Thereafter and until his death decedent lived with his wife in his own home in town as a retired farmer, at first in Story City and later in Roland, Iowa. Throughout the period of his retirement and until he developed a prostate ailment in 1947, the decedent was a vigorous, wellmuscled, dark haired man who always dressed neatly, stood erect, walked briskly and had the appearance of being 10 to 15 years younger than his actual age. He was mentally alert and intelligent, had a good sense of humor, was always cheerful and optimistic, enjoyed visiting his children and playing with his grandchildren, never complained, and although he had some minor infirmities attendant with age he was never sick in bed. The decedent enjoyed life, resented being thought of as old and never spoke of death. The decedent regularly drove his own car on trips to the farms, attended to all of his personal business affairs, and took an active interest in the operation *277 of the farms and upon numerous occasions physically engaged in farm work to help his sons. The decedent was a deeply religious man and regularly attended church twice a week. He had originally purchased the farm later given to Beatrice so that she and her husband could live there near the family and a Lutheran church. He urged Anna to use her cash gift to purchase a farm near Roland so as to be near the family and the church and in 1942 she and her husband did so. The decedent's dominant motives in making the gifts to his children in December 1941, were to help them become landowners within the family and church circle and to see that accomplished during his lifetime. In that connection decedent urged them to have no fears in assuming mortgages because he would always stand ready to help them financially if it became necessary. The gifts in question were made from an impelling motive associated with life and not in contemplation of death. It is stipulated that at the date of decedent's death the three farms given to Clarence, Chester and Beatrice had a total value of $98,054 and the items of property given to Theodore, Sadie and Anna had a total value of $38,173. In determining *278 the deficiency asserted herein the respondent included in the decedent's gross estate the amount of $136,227, representing the value at date of death of the property transferred by gift in December 1941 on the basis that those transfers were made in contemplation of death. Further, respondent allowed no deduction for costs, expenses and attorneys' fees incurred or to be incurred in the proceedings relative to the proposed deficiency and allowed no credit for payment of state inheritance taxes. Opinion Our finding of fact that the gifts involved herein were made from dominant and impelling motives associated with life, is decisive of the issue presented. We conclude and so hold that the gifts were not made in contemplation of death within the meaning of section 811 (c), Internal Revenue Code. United States v. Wells, 283 U.S. 102 and Estate of Oliver Johnson, 10 T.C. 680. The respondent erred in his determination. Decision will be entered under Rule 50.